TILLIE CHAMBERLAIN ET AL., APPELLEES, v. WILLIAM FRANK ET AL., APPELLANTS.

FILED APRIL 19, 1919. No. 20449.

1. **Deeds:** MENTAL CAPACITY: VALIDITY: PRESUMPTION. Where a deed was executed, with practically no consideration, by a father over 80 years of age, of nearly all of his property, which was worth about $30,000, to one son, with whom he lived, excluding his other children from all but a small share of his estate, under a misconception of the real value of the property, and without any apparent reason for such action, the transaction will be closely scrutinized, and the presumption is against the validity of the deed.

2. ———: ———: EVIDENCE: SUFFICIENCY. Evidence examined and set forth in the opinion, *held* to be insufficient to uphold the conveyance.

3. ———: SUIT TO ANNUL: LACHES. The invalid conveyance was made about six years before the death of the grantor. The action was brought by the other heirs of the deceased a few months after his death. *Held*, that there was no laches on their part in bringing the action.

4. **Appeal in Equity:** TRIAL DE NOVO. The petition sought to set aside a deed on the ground of mental incompetency of the grantor and undue influence. The district court found that the grantor was mentally incompetent to execute the conveyance. The appeal in such a case brings up the entire record for review, and if either ground, or both, are found by this court, upon a trial *de novo* to be sustained by the evidence, it may base its decision upon such grounds, irrespective of the fact that the decree of the district court was based upon a finding of mental incompetency alone.

APPEAL from the district court for Burt county: GEORGE A. DAY, JUDGE. *Affirmed.*

*W. M. Hopewell* and *Brome & Ramsey,* for appellants.

*J. A. Singhaus* and *Smith, Schall & Howell, contra.*

LETTON, J.

Action to set aside a deed to about 200 acres of land in Burt county, made by one George Frank to his son William Frank, on the ground of mental incapacity and undue influence. The district court found for the plaintiffs, and defendants appeal.

The specific finding of the court was that no consideration passed from the defendant William Frank to his father, George Frank; that at that time the real estate was of the fair and reasonable value of $150 an acre; that George Frank was at the time wholly incompetent to execute a deed and to transact business, and did not comprehend the effect of the transaction.

George Frank and his wife came to Burt county in 1882, and settled upon the land in question. There they reared the family, consisting of three daughters, Tillie Frank, now Tillie Chamberlain, Louise Frank, now Louise Lewis, Barbara Frank, and two sons, Matt Frank and William Frank. William Frank was the younger son, and is now about 48 years of age. Mrs. Frank died in 1900. William was married to the defendant Alvina Frank in 1901. The other children had moved from the farm some years before. Before the mother died, and afterwards, William resided at home with his father, and worked upon the farm. He took his wife there when they were married. After the marriage George continued to reside upon the farm with his son and his wife.

On August 24, 1910, when he was over 80 years of age, George went to a firm of lawyers in Tekamah, and procured them to prepare a deed of conveyance to William of all his real estate. In the afternoon of the same day William and his wife and father went to

the same lawyers, and William entered into an agreement to support and care for his father thereafter and during his lifetime, and to pay at his death $25 to the daughter Barbara, and $400 to each of the other children, securing the same by a mortgage to the defendant Burdic, as trustee. None of the other children knew of this transaction with William until after its consummation. In November, 1910, an action was brought in the name of George Frank by the plaintiffs, Tillie Chamberlain and Louise Lewis, as his next friends, in the district court for Burt county, seeking to have the deed to William set side on account of his incompetency. In this case George Frank filed a motion supported by his own affidavit and that of others as to his competency, asking to dismiss the suit as unauthorized. This action was dismissed by the plaintiffs, without prejudice, without coming to a hearing.

In 1912 an action in ejectment was brought by William Frank against Tillie Chamberlain to eject her from 60 acres of this land upon which she was living with her husband, and which she had occupied for a number of years without paying rent, with the permission and consent of her father, George Frank. In 1913 the testimony of George Frank was taken at the trial, and has been introduced in evidence in the present case in order to show his mental condition at that time. For some years before the death of his wife, he did but little work upon the farm, most of it being performed by William. After his wife's death, he almost entirely ceased to attend to business or work of any nature. He carried a bank account up to about 1904, when he ceased to have any banking transactions, and the whole management of the farm, cultivation, buying and selling of stock, marketing of crops, and receipt and disbursement of money, was thereafter carried on by William, who apparently assumed to own all the farm and live stock; the father having very little money and being poorly provided with clothing.

The evidence in regard to his competency to transact business at the time the deed was made is conflicting. A number of credible witnesses testified that in their opinion he was as well able to transact business at that time as he ever was, while several others, most of whom, however, formed their ·judgment from what they saw of him after the deed was executed, testified they believed he was incompetent to transact business. This evidence was considered because of other testimony that there was no material change in his mental condition between the time spoken of and the time the deed was made. A significant fact is that in his testimony in the ejectment case George Frank testified that he believed the farm was worth from $15 to $20 an acre, and in substance that when he gave the farm to William, and specified the amount of payments to the other children, he believed that he had very little property. If this had been the fact, the estate would have been somewhat equitably divided among his children. The family physician, who had testified that George was of sound mind when the deed was made, on cross-examination said that such testimony as to value would indicate that the witness was "either prevaricating, or was a little off in his upper story." The testimony is undisputed that at that time the land was worth $150 an acre.

From a consideration of all the testimony, we are satisfied that George Frank, while perhaps competent to transact small affairs of business, from his isolation on the farm, from his lack of carrying on any business transaction for years, and perhaps from a gradual breaking down of his faculties, partly occasioned by the use of intoxicating liquors, did not understand the nature and character of the act he was performing; at least he had no proper conception of the value of the real estate, the land at that time being worth nearly $30,000, instead of $3,000 to $4,000, as he evidently believed. There is no testimony that he said he intended that William should

have the farm on account of the expressed wish of his wife before she died, but it seems clear he intended a somewhat equitable division by charging the land with a fair share of the estate, considering all the circumstances, to be paid to the other children.

The district court made no finding with respect to the existence of undue influence. The appellants insist that, this being the case, the only question here is whether the finding as to incompetency is supported by the evidence. Appellees say that the whole case is before us for trial *de novo,* and that this court is entitled to examine the evidence and render such decree upon either issue as it deems warranted by the proofs. We take the latter view.

In the nature of the evidence in this case, we cannot well dissociate these two grounds for relief set forth in the petition. It is true there is no direct evidence of undue influence exerted upon the mind and will of George Frank; but the courts have repeatedly decided that a conveyance made by one well stricken in years, living under such circumstances as to place him under the control and domination of a son, or other person with whom relations of trust and confidence would naturally exist, will be closely scrutinized, and when from all the evidence, or lack of evidence, in the case, the court is satisfied, either that the grantor was incompetent to transact business of that nature, or that his mind had been so overborne by influences, which in its weakened state it was unable to resist, that he made a conveyance disregarding the natural ties of affection to his other children, and which he would not have made if uninfluenced, or that a combination of both weak mentality and undue influence existed, it will set aside the deed. *Gibson v. Hammang,* 63 Neb. 349; *Winslow v. Winslow,* 89 Neb. 189; *Nelson v. Wickham,* 86 Neb. 46.

Under such circumstances, the burden of proof to establish that no undue influence or improper pressure

upon the mind of the grantor was exerted is upon him who profits by the conveyance. In this case it may be questioned whether the evidence as to mental incompetency, standing alone, would justify the setting aside of the conveyance; but, when all the circumstances in the case are considered, we have reached the conclusion that George Frank was in such a condition of mind at the time the deed was made as not to have been a free agent. We cannot set aside the impression that, though the conveyance was not executed in the presence of William Frank, and though ostensibly it was the independent act of George, he was not acting with full knowledge of the value of his estate, and of the extent to which his other children should share in its disposition. There is no proof that any estrangement or lack of affection existed between George and his other children, though he did not care much for the husband of Tillie, and there had been friction between the children of William and Tillie, which extended to the parents, and prevented Tillie from visiting the home thereafter.

The appellants insist plaintiffs were guilty of laches in not trying the action soon after the deed was made. Plaintiffs had no interest in the land other than a mere expectancy at that time. Their father might have sold and disposed of it in his lifetime if competent to do so; hence they had no such present and vested interest in the land that they could set up undue influence as a ground for setting the deed aside. The action was brought in a few months after their father's death.

When the whole record is considered, we have reached the conclusion that the judgment of the district court is right, and should be

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.